GABE P. ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THEO. W. PINSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ZACH. K. BRINKERHOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13283, 13284, 13285.    Promulgated March 10, 1948.

*George S. Atkinson, Esq., Tom D. Rhodes, Jr., Esq.,* and *Luke B. Garvin, C. P. A.,* for the petitioners.

*John W. Alexander, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: The respondent computes the gain realized by the Allen Building Co. as follows:

Property received by Allen Building Co.:

| | |
|---|---|
| Cash | $24, 358. 26 |
| Mortgage on Allen Building | 599, 839. 24 |
| Unpaid taxes | 11, 333. 66 |
| Other properties | 304, 282. 46 |
| Total | 939, 813. 58 |

Property transferred by Allen Building Co.:

| | |
|---|---|
| Allen Building (adjusted basis) | 657, 154. 94 |
| Gain | 282, 658. 64 |

The applicable provisions of the Internal Revenue Code are subsections (b) (1) and (c) (1) of section 112, shown in the margin.[1]

The respondent admits that, were it not for the cash and mortgage items, the exchange here in controversy would be within the provisions of subsection 112 (b) (1). He contends, however, that the cash and mortgage indebtedness constitute "other property or money" received in the exchange, and, inasmuch as these two items exceed the amount of the gain realized, the entire gain must be recognized for tax purposes under the provisions of section 112 (c) (1).

The petitioners contend that, since the Allen Building Co. only realized $24,358.26 in cash, after deducting sales and other necessary expenses, a gain of that amount and no more should be recognized.

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

* * * * * * *

(b) EXCHANGES SOLELY IN KIND.—

(1) PROPERTY HELD FOR PRODUCTIVE USE OR INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

* * * * * * *

(c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5), or within the provisions of subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph or by subsection (1) to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

They urge that the indebtedness of the Allen Building Co. secured by deed of trust upon the land and building in the amount of $599,-839.24 at the time of the exchange is not "other property or money" within the meaning of section 112 (c) (1), and this is the basic point on which the parties disagree.

The question raised by the contentions of the parties has heretofore been considered by this tribunal. In fact, petitioners on brief refer to *Brons Hotels, Inc.*, 34 B. T. A. 376, and *Walter F. Haass*, 37 B. T. A. 948, wherein the owner of mortgaged real estate exchanged it for other property, the purchaser paying cash and assuming the mortgage, and to *Estate of Theodore Ebert, Jr.*, 37 B. T. A. 186, wherein the facts were substantially the same except that the purchaser took over the property subject to the mortgage and did not assume it. In each of those cases we held that the mortgage indebtedness constituted "other property or money" within the meaning of section 112 (c) (1), and set forth in detail the reasons which required such a conclusion. No useful purpose would be served by again repeating them. Cf. *Crane* v. *Commissioner*, 331 U. S. 1.

The case of *Commissioner* v. *North Shore Bus Co.*, 143 Fed. (2d) 114, cited and relied upon by the petitioners, is distinguishable on its facts. In that case the petitioner owned ten old coaches which were fully depreciated. It traded them in on ten new coaches, and was allowed a trade-in value of $30,000 on the old coaches. In working out the trade, the petitioner received a check in the amount of $24,000 from the Twin Coach Corporation, the seller of the new coaches, with the understanding that this $24,000 was to be used in paying off a mortgage in that amount which petitioner owed on the old coaches. This was done and the $6,000 remaining on the allowance was applied on the payment of the new coaches. The Circuit Court of Appeals for the Second Circuit held that the petitioner in that case was simply a conduit through which funds passed from the Twin Coach Corporation to the mortgagee, and stated that the transaction "increased the secured debt which the respondent owed Twin Coach by the amount of the check, and at most enabled it to exchange creditors when it discharged the old mortgage." In other words, one debt was merely substituted for another and, when the transaction was completed, the petitioner received nothing out of the exchange save new busses. That is not the situation in the instant proceeding.

Our conclusion is that the mortgage indebtedness of $599,839.24 must be treated as "other property or money" received within the meaning of section 112 (c) (1), *supra*, and, inasmuch as this indebtedness plus the cash realized is in excess of the gain realized by the Allen Building Co., the entire amount of the gain is taxable.

*Decision will be entered for the respondent.*